Hall J.
If the Plaintiff’s husband had thought proper to have brought an action of detinue for the negroes in question;; and it would have been necessary to have joined his wife with him in the action, it follows, that as no action was brought the property survived to her ; and it has been decided in Johnson & Wife v. Pasteur,† As well as in several other cases, that it was necessary to make the wife a party, because she was the meritorious cause of action. But I think those cases are unlike tjie present, hecause there the Defendants held adversely ; here the Defendant Claims under the bailment of the wife when sole, and it seems to be admitted in the case of Johnson & Wife, *267 v. Pasteur, that when the Defendant is a trustee for the husband, that the'husband mdy brjng the suit in his name, in other words, that the possession of the bailee tyas the possession of the husband, and that therefore -the right of the husband was complete. ,.
Seawell, J.
From the statement in this case, the slave was either given or loaned.
If giver}, the Plaintiff ,cannot recover; and if loaned, the possession of the bailee was the possession flffrthe bailor,, and the property necessarily passed to the husband of the Plaintiff by the intermarriage. The action therefore cannot be sustained. The rule for a new trial must be dis.charged, ‘ ,

 Confer. Rep. 464